FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

4/16/21

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:20-cr-122-BJD-PDB

BILLY JOE MINSHALL

### NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS

The United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, hereby files this Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, stating as follows:

### MAXIMUM PENALTIES

The defendant has expressed a desire to enter a plea of guilty to the offenses charged in Counts One and Two of the Indictment. Count One charges the defendant with possessing two unregistered destructive devices, in violation of 26 U.S.C. §§ 5861(d) and 5871, and Count Two charges the defendant with possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2).

Counts One and Two each carry a maximum term of imprisonment of ten years, a fine of not more than $250,000, or both imprisonment and a fine, a term of supervised release of up to three years, and a mandatory special assessment of $100, said special assessment to be due on the date of sentencing. A violation of the terms

and conditions of supervised release carries a maximum sentence of not more than two years of imprisonment as well as the possibility of an additional term of supervised release.

Cumulatively, Counts One and Two carry a carry a maximum term of imprisonment of twenty years, a fine of not more than $500,000, or both imprisonment and a fine, a term of supervised release of up to three years, and a mandatory special assessment of $200, said special assessment to be due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum sentence of not more than four years of imprisonment as well as the possibility of an additional term of supervised release.

Additionally, the defendant must forfeit property as outlined in the indictment.

The violation charged in Count One provides for forfeiture, in pertinent part, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), of any firearms involved in the violation, which, in this instance will require forfeiture of two glass hand grenade bottles which were disassembled by the Bureau of Alcohol, Tobacco, Firearms & Explosives, described as follows:

    a. A-Team Vodka 50ML glass hand grenade bottle wrapped in green tape;

    b. A-Team Vodka 50ML, glass hand grenade bottle;

    c. Bottle cap and fuse; and

    d. Bottle cap and fuse.

Additionally, the violation charged in Count Two provides for forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) and 28 U.S.C. § 2461(c), of all firearms and ammunition involved in or used in the violation, specifically, a Glock GMBH Pistol, Cal. 9, Serial Number BGZS272.

The Bureau of Alcohol, Tobacco, Firearms & Explosives completed an administrative forfeiture of the following:

Items disassembled from the two glass hand grenade bottles:

a. Explosive powder sample;

b. Explosive powder sample;

c. Fuse sample;

d. Fuse sample;

e. Contents from inside IED glass Vodka container;

f. Contents from inside IED glass Vodka container,

which it alleges are destructive devices; and

g. 15 rounds of assorted ammunition,

which it alleges was in the possession of the defendant, an unlawful user of a controlled substance. The defendant did not contest the administrative forfeiture of the assets and expressly waives any right he may have to challenge such forfeiture.

3

ESSENTIAL ELEMENTS

The essential elements of a violation of 26 U.S.C. §§ 5861(d) and 5871, possession of an unregistered destructive device, are as follows:

<u>First</u>: The defendant possessed a destructive device, constituting a firearm as defined in 26 U.S.C. § 5845(a) and (f);

<u>Second</u>: The destructive device was not registered to the defendant in the National Firearms Registration and Transfer Record; and

<u>Third</u>: The defendant knew of the specific characteristics or features of the destructive device that made it subject to registration under the National Firearms Registration and Transfer Record.

The essential elements of a violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), possession of a firearm by an unlawful user of a controlled substance, are as follows:

<u>First</u>: The defendant knowingly possessed a firearm in or affecting interstate or foreign commerce,

<u>Second</u>: At the time the defendant possessed a firearm, the defendant was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, and

<u>Third</u>: At the time the defendant possessed the firearm, he knew he was an unlawful user of a controlled substance.

PERSONALIZATION OF ELEMENTS

**As to Count One**:

1. On August 11, 2020, in Hamilton County, within the Middle District of Florida, did you possess two destructive devices made from vodka bottles containing explosive material from a firework mortar, shrapnel, and a fuse, constituting firearms as defined in 26 U.S.C. § 5845(a) and (f)?

2. Were the destructive devices registered to you in the National Firearms Registration and Transfer Record?

3. Did you know of the specific characteristics and features of the destructive devices, which made them subject to registration in the National Firearms Registration and Transfer Record, specifically, did you know that they were glass bottles containing explosive material, shrapnel, and a fuse?

**As to Count Two**:

1. On August 11, 2020, in Hamilton County, within the Middle District of Florida, did you possess a firearm, that is, a Glock 9mm pistol manufactured in Austria or Georgia?

2. At the time you possessed the Glock 9mm pistol, were you a regular and ongoing user of a controlled substance as defined in 21 U.S.C. § 802, specifically, marijuana, which is a Schedule I controlled substance?

3. At the time you possessed the Glock 9mm pistol, did you know that you were a regular and ongoing user of marijuana?

## FACTUAL BASIS

1. Purpose

The following facts are set forth to aid the Court in making an inquiry to satisfy it that there is a factual basis for the plea of guilty in accordance with Rule 11(f), Fed. R. Crim. P. The government reserves its right to provide all relevant information concerning the defendant and the offense committed to the Probation Office and the Court for sentencing purposes.

2. Facts

On August 11, 2020, a Florida Highway Patrol ("FHP") Sergeant observed a two-axle straight truck pulling a generator traveling southbound on Interstate 75 in Hamilton County, within the Middle District of Florida. The FHP Sergeant observed that the truck, which was being driven by Billy Joe MINSHALL, did not stop, as required by Florida law, at a weigh station. The FHP Sergeant conducted a

traffic stop of the truck and made contact with MINSHALL. A second individual, S.J.M., was in the passenger compartment of the truck. The FHP Sergeant smelled an odor of marijuana emanating from the vehicle. MINSHALL informed the FHP Sergeant that the truck he was driving was not properly registered. The FHP Sergeant directed MINSHALL to relocate the truck to a location in Suwannee County, within the Middle District of Florida, where the truck could be weighed.

When MINSHALL arrived in his truck at the location in Suwannee County, the FHP Sergeant asked him if he had hemp in the vehicle. MINSHALL claimed to have a Michigan medical marijuana license. MINSHALL retrieved a black plastic baggie labeled as containing 3.5 grams of marijuana from the truck. MINSHALL stated he did not have his medical marijuana license with him.

MINSHALL was ordered to exit his truck so that FHP could conduct a probable cause search of the vehicle. Inside of the truck was a black backpack belonging to MINSHALL. The black backpack contained a Glock 9mm pistol, which was loaded with fourteen rounds of ammunition, 52.6 grams of hash oil, and another bag of marijuana. While MINSHALL was in possession of the Glock 9mm pistol, he was a regular and ongoing user of marijuana, a Schedule I controlled substance. Also inside of MINSHALL's backpack were three glass bottles shaped like grenades. Two of the glass bottles had been filled with explosive material and shrapnel and contained a fuse. The third bottle contained explosive material and shrapnel but did not have a fuse.

Two Special Agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives arrived on the scene. MINSHALL made spontaneous statements to the agents that the Glock 9mm pistol belonged to him. MINSHALL also stated that he was in possession of "fireworks" containing material from a fireworks mortar shell. MINSHALL denied that the devices contained shrapnel. MINSHALL stated that he had helped make the devices, which were made using a glass vodka bottle wrapped in floral tape.

MINSHALL's girlfriend, J.T., also arrived on the scene in a separate truck. J.T. stated to the Special Agents that MINSHALL had been carrying the Glock 9mm pistol for protection and that MINSHALL might have marijuana in his vehicle. J.T. stated that the devices MINSHALL possessed were "fireworks" that MINSHALL had made by putting material into glass vodka bottles. J.T. stated that MINSHALL had detonated one of the vodka bottle devices in a flower pot in Indiana.

MINSHALL's passenger, S.J.M., stated to the Special Agents that he understood that MINSHALL had made the vodka bottle devices, and that S.J.M. had told MINSHALL not to mess with the devices. S.J.M. stated that the Glock 9mm pistol belonged to MINSHALL, and that S.J.M. was a convicted felon and therefore could not possess firearms.

An ATF interstate nexus expert examined the Glock 9mm pistol and determined that it had been manufactured in Austria or Georgia. An ATF Senior Explosives Enforcement Officer examined the vodka bottle devices and determined that the two containing fuses constituted destructive devices as defined under federal

law at 26 U.S.C. § 5845(a) and (f). A check of the National Firearms Registration and Transfer Record revealed that MINSHALL had no firearms registered to him.

                          Respectfully submitted,

                          KARIN HOPPMANN
                          Acting United States Attorney

By: _____
     LAURA COFER TAYLOR
     Assistant United States Attorney
     USA No. 170
     300 N. Hogan Street, Suite 700
     Jacksonville, Florida 32202
     Telephone: (904) 301-6300
     Facsimile: (904) 301-6310
     E-mail: Laura.C.Taylor@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2021, the foregoing was filed in open court and a copy was hand-delivered to the following:

Jeremy Lasnetski, Esq.

LAURA COFER TAYLOR
Assistant United States Attorney